IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> SCHLESINGER'S LLC, d/b/a SCHLESINGER'S RESTAURANT & DELICATESSEN, <br><br> Defendant. | Civil Action No. 20-cv-1507 |

**COMPLAINT**

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin SCHLESINGER'S LLC, d/b/a SCHLESINGER'S RESTAURANT & DELICATESSEN, a corporation, ("Defendant") from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant SCHLESINGER IS LLC, d/b/a SCHLESINGER'S RESTAURANT & DELICATESSEN, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 1521 Locust Street, Philadelphia, Pennsylvania 19102.

Defendant is engaged in operating a delicatessen at the same address, within the jurisdiction of this court.

3. The business activities of Defendant, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

4. At Schlesinger's Restaurant & Delicatessen, Defendant had employed and is employing employees in and about its place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including meat. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Schlesinger's are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

5. Defendant lacked objective good faith by violating the provisions of Sections 6 and 15(a)(2) of the Act by employing servers, bartenders, hostesses, bussers, sushi chefs, and hibachi chefs ("tipped employees") in an enterprise engaged in commerce or in the production of goods for commerce and compensating these tipped employees at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

> For example, Defendant paid a non-exempt chef and a non-exempt baker on a salary basis, causing these employees to be owed overtime when they worked more than 40 hours in a week. In a previous investigation, Wage and Hour found these

investigations and notified Schlesinger's, LLC that these employees were non-exempt and entitled to overtime when they worked more than 40 hours in a workweek.

In addition, Schlesinger's, LLC computed overtime wages incorrectly for tipped employees, neglected to include bonus payments in employees' regular rates used to compute overtime payments, and took an automatic 30 minute deduction for lunch breaks even when employees did not take lunch breaks.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of November 11, 2016 to November 11, 2018, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after November 11, 2018 and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those

persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Eugene Scalia
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s Andrea Luby*
Andrea Luby
PA ID# 321609
Office of the Solicitor, Region III
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5128 (Phone)
(215) 861-5162 (Fax)
Luby.andrea@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff