IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA,<br>SECRETARY OF LABOR,<br>UNITED STATES<br>DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>SCHLESINGER'S LLC<br>d/b/a SCHLESINGER'S RESTAURANT<br>& DELICATESSEN<br><br>Defendant. | Civil Action No.<br><br>20-1507 |

**CONSENT JUDGMENT**

Plaintiff, Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "the Act"). Defendant named above, hereinafter referred to as "Defendant" or "Employer," having appeared by counsel, waives formal service of process of the Summons and Complaint, waives its Answer and any defense which they may have, and hereby agrees to the entry of this Consent Judgment without contest. Therefore, upon consideration of the parties' "Motion to Approve Consent Judgment" (Docket No. 2), and for cause shown, IT IS HEREBY ORDERED that the Motion is GRANTED as follows:

It is ORDERED, ADJUDGED, and DECREED that Defendant, its officers, agents, servants, and all persons acting or claiming to act on its behalf and interest be, and they hereby

1

are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15 of the Act, in any manner, specifically:

1. Defendant shall not, contrary to Section 6 of the Act, pay to any of its employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2. Defendant shall not, contrary to Section 7 of the Act, employ any of its employees including, but not limited to, any of its employees working at SCHLESINGER'S LLC d/b/a SCHLESINGER'S RESTAURANT & DELICATESSEN, and at any other business location at which its employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for its employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3. Defendant shall not fail to make, keep, and preserve adequate records of its employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of its employees working at SCHLESINGER'S LLC d/b/a SCHLESINGER'S RESTAURANT & DELICATESSEN,

as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.4.

4. Defendant shall not discharge or take any retaliatory action against any of its employees, whether or not directly employed by Defendant, because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

    i. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employer, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

    ii. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employer;

    iii. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

5. Defendant is enjoined and restrained from withholding gross back wages in the sum amount **$15,462.90**, and are jointly and severally liable for the payment of **$15,462.90** in liquidated damages, due certain employees and former employees of Defendant set forth and identified in Schedule A, which is attached as Exhibit A hereto and made a part hereof.

6. Regarding the matter of the civil money penalty, Defendant has agreed that the amount currently due and payable is **$9,541.80,** and that such assessment has become the final order of the Secretary of the Department of Labor, and that they waive any and all

3

rights to appeal such an assessment, and that such assessment has become the final order of the Secretary of the Department of Labor, and that they waive any and all rights to appeal or contest such assessment. As such, Defendant shall pay pursuant to Section 16(e) of the Act, a civil money penalty in the amount of **$9,541.80,** no later than thirty days (30) days after the entry of this Consent Judgment. Payment may be made online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77734139 or www.pay.gov. Alternatively, payment may be made by certified check, bank check, or money order, payable to "Wage and Hour Division, U.S. Department of Labor," and mailed to the Northeast Regional Office, The Curtis Center, Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106-3323.

7. Defendant shall pay gross back wages and liquidated damages in the amount of **$30,925.80** for violations of the minimum wage and overtime provisions of the Act by Defendant alleged to have occurred during the period beginning November 14, 2016 to November 11, 2018 ("relevant period"). This amount shall represent the full extent of back wages and liquidated damages owed by Defendant for the relevant period to the employees set forth and identified on the attached Schedule A. It is further agreed that the minimum wage, overtime compensation and liquidated damage payments by the Defendant in the amounts as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act. Defendant shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

    i. The provisions of this Consent Judgment relative to back wage and liquidated damages payments shall be deemed satisfied when Defendant deliver to the designated representatives of the Plaintiff payment in the amount of **$30,925.80** within thirty (30) days of the entry of this Judgment by the Court. Payment may be made online by ACH transfer,

DocuSign Envelope ID: 71EB0D4A-96BC-4E05-A702-3304FBD2A72C

credit card, or debit card by going to https://www.pay.gov/public/form/start/77689032 or

www.pay.gov.

Alternatively, payment may be in the form of a certified check, bank check, or money order made payable to the order of "**Wage and Hour Division – Labor**," and mailed to:

> U.S. Department of Labor, Wage & Hour Division
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317

The check or money order shall bear the following reference: **Case ID #: 1868842 Schlesinger's LLC d/b/a Schlesinger's Restaurant & Delicatessen.**

   ii. The Secretary, through the Wage and Hour Division, shall distribute the back wages (less any applicable federal taxes, withholdings, and deductions) and liquidated damages payments to the employees and former employees, or to their estates, as set forth in Schedule A. Schedule A will show for each individual the gross back pay due (subject to applicable legal deductions), and liquidated damages. Any sums not distributed to the employees or former employees on Schedule A, or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States pursuant to 29 U.S.C § 216(c).

   iii. To the best of its ability and based upon information it currently has in its possession, Defendant shall provide to Plaintiff the social security number and last known address of each employee or former employee due money under this Consent Judgment at the time of the initial lump sum payment.

   iv. The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named in Exhibit A, nor shall the provisions in any way affect

any legal right of any individual named in Exhibit A to file any action against Defendant for any violations alleged to have occurred outside the relevant period.

8. Neither Defendant nor anyone on its behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendant shall have no further obligations with respect to such returned monies. If recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

9. Further, the parties agree that the instant action is deemed to solely cover Defendant's business and operations for the relevant period for all claims raised in the Complaint as a result of the Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule A or the Secretary for any period after November 11, 2018, or any persons, be they current or former employees, not specifically named on Schedule A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act

10. Defendant agree that it is an employer within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

11. By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendant under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

It is FURTHER, ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

BY THE COURT:

John R. Padova, J.

_____
John R. Padova, J.

Dated: ___March 27___, 2020

Entry of this judgment is hereby consented to by the following:

_____
Steven Ludwig, Esquire
Fox Rothschild, LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
215-299-2164- direct
SLudwig@FoxRothschild.com

_____
Jeff Froehler
Manager

Schlesinger's, LLC, d/b/a
Schlesinger's Restaurant and Delicatessen

/s Andrea Luby
Andrea Luby
Senior Trial Attorney
U.S. Department of Labor
Office of the Regional Solicitor
170 S. Independence Mall West
Suite 630E
Philadelphia, PA 19106
215-961-5129
luby.andrea@dol.gov
PA Bar No. 321609

## Schedule A: Schlesinger's LLC Inc. D.B.A. Schlesinger's Restaurant & Delicatessen

| First Name | Last Name | Back Wages Due | Liquidated Damages Due | Total Amount Due |
|---|---|---|---|---|
| Allen | Percy | $ 332.62 | $ 332.62 | $ 665.24 |
| Brand | Kenneth "Kenny" | $ 174.30 | $ 174.30 | $ 348.60 |
| Brown | Martin "Dennis" | $ 2,352.06 | $ 2,352.06 | $ 4,704.12 |
| Buchanan | Joseph | $ 173.52 | $ 173.52 | $ 347.04 |
| Clark | Troy | $ 262.50 | $ 262.50 | $ 525.00 |
| Copeland | James | $ 540.80 | $ 540.80 | $ 1,081.60 |
| Curtis | Nijah | $ 134.48 | $ 134.48 | $ 268.96 |
| Davis | Dontez "Tez" | $ 733.12 | $ 733.12 | $ 1,466.24 |
| Erwin Sr | David "Dave" | $ 229.12 | $ 229.12 | $ 458.24 |
| Escalante | Mariano | $ 188.41 | $ 188.41 | $ 376.82 |
| Everett | Christopher "Kris" | $ 86.93 | $ 86.93 | $ 173.86 |
| Frazier | Kristen | $ 180.00 | $ 180.00 | $ 360.00 |
| Gilbert | Tyreese | $ 837.22 | $ 837.22 | $ 1,674.44 |
| Gollatt | Samuel | $ 25.20 | $ 25.20 | $ 50.40 |
| Irving | Michael "Mike" | $ 92.90 | $ 92.90 | $ 185.80 |
| Limon | Leandro "Leo" | $ 214.52 | $ 214.52 | $ 429.04 |
| Mendoza | Ivan | $ 474.69 | $ 474.69 | $ 949.38 |
| Miller | Jade | $ 181.79 | $ 181.79 | $ 363.58 |
| Nava Bello | Jose | $ 264.65 | $ 264.65 | $ 529.30 |
| Phillip | Harris | $ 127.12 | $ 127.12 | $ 254.24 |
| Quinn | Steven "Steve" | $ 131.17 | $ 131.17 | $ 262.34 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Roane | Lamier | $ | 121.35 | $ | 121.35 | $ | 242.70 |
| Robbins | Sara | $ | 259.78 | $ | 259.78 | $ | 519.56 |
| Robbins | Shaina | $ | 1,239.50 | $ | 1,239.50 | $ | 2,479.00 |
| Russell | Anthony | $ | 139.66 | $ | 139.66 | $ | 279.32 |
| Sommerville | Loavel "Vel" | $ | 1,118.90 | $ | 1,118.90 | $ | 2,237.80 |
| Spady | Samuel "Sam" | $ | 209.28 | $ | 209.28 | $ | 418.56 |
| Vicente Marzana | Kristofferson "Chris" | $ | 1,860.90 | $ | 1,860.90 | $ | 3,721.80 |
| Wallace | Mark | $ | 62.07 | $ | 62.07 | $ | 124.14 |
| Weatherspoon | Brian | $ | 2,687.79 | $ | 2,687.79 | $ | 5,375.58 |
| Williams | Tyrone | $ | 26.55 | $ | 26.55 | $ | 53.10 |
| **Grand Total** | | $ | 15,462.90 | $ | 15,462.90 | $ 30,925.80 | |